## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION, INC.;
JOHN DOE;
DOECHILD, A MINOR CHILD;
JOHN ROE;
MARY ZOE;
ROECHILD-1; A MINOR CHILD; and
ROECHILD-2, A MINOR CHILD,

    Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT; and
MONTE C. MOSES, SUPERINTENDENT OF SCHOOLS OF THE CHERRY CREEK SCHOOL DISTRICT,

    Defendants.

---

### DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

---

COME NOW the Defendants, by and through their undersigned counsel and herewith submit their Reply to the Plaintiffs' Response to the Defendants' Motion to Dismiss and for Summary Judgment.

## AS TO PRACTICE STANDARDS COMPLIANCE

MSK Civ. Practice Standard V.I. 2.c. as amended January 15, 2008, appears to by the current reference to the Practice Standard cited by the Plaintiffs in their Response. As stated by Defendants in their Motion to Dismiss, Defendants' counsel did not confer with Plaintiffs' counsel prior to filing the Motion due to the nature of the Motion, the facts of this case and the Plaintiffs' allegations. Recognizing that Motions under Fed.R.Civ.P.12 (b)(6) are discouraged if the defect in the complaint is correctible by filing an amended pleading, it is the Defendants position, based on the allegations in the First Amended Complaint, that the deficiency of the First Amended Complaint cannot be corrected by an additional amendment. As a matter of law, the facts alleged and assumed to be true for the purpose of this motion, do not now, nor by amendment can they prove a set of facts which would entitle them to the relief requested.

## MOTION TO DISMISS

The Defendants' Motion assumes that the Defendants have alleged all of the necessary elements of the claims asserted, to the extent possible under the known facts. Assuming for the purpose of the Motion that all allegations set forth in the First Amended Complaint are true, the actions of the Defendants as complained of by the Plaintiffs simply do not constitute violations of either the United States Constitution nor the Constitution of the State of Colorado.

The actions of the Defendants in publishing and posting the 40 Developmental Assets as described in the pleadings and the Appendices thereto, including Asset No. 19, are neither impermissible endorsements of religion nor do they create an impermissibly coercive

2

environment necessary to interfere with the Plaintiffs' practice of their religion or beliefs.

For the reasons set forth in the Motion to Dismiss, the Plaintiffs have not and it is believed cannot allege facts necessary to support the Plaintiffs' allegations that the actions of the Defendants constitute any violation of any provision of the Constitution of the State of Colorado nor have they addressed the same in their Response.

The Defendants agree with the Plaintiffs that to satisfy Rule 8 of the Fed.R.Civ.P., the Plaintiffs merely need to file "...a short plain statement of the claim that will give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." Conely v. Gibson, 355 U.S. 41, 47 (1957). However, factual allegations must be enough to raise a right to relief above the speculative level and the pleadings must contain something more...than....a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Bell Atlantic v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 9 (2007).

## SUMMARY JUDGMENT

By citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986), the Plaintiff acknowledges the appropriate standard required to grant summary judgment, and therefore must surely acknowledge that to defeat a motion for summary judgment the dispute must be about genuine issues of material facts and that they cannot rest on the mere allegations without substantive, probative evidence tending to support the complaint. *Id.* at 449, 2510. If the evidence is merely colorable (citation omitted) or is not significantly probative (citation

3

omitted), summary judgment may be granted." *Id.* at 249-250, 2511.

The Defendants noted in their Motion that the Court may exercise discretion in considering whether to exclude matters outside of the pleadings and consider only the Motion to Dismiss or to include such material and convert the Motion for one for summary judgment to be disposed of as provided by the Fed.R.Civ.P. 56.  Alverado v. KOB-TV 493 F. 3d 121.

In their Response the Plaintiffs now state that they vigorously dispute nearly all of the "so called undisputed facts".  Most of the facts submitted by the Defendants as undisputed are taken from the First Amended Complaint and the Appendices thereto. Merely asserting that they disagree with the facts as presented by the Defendants does not create any genuine issues of material fact nor does it present evidence of any substantive, probative value that the facts as proposed by the Defendants are incorrect.

## DISCUSSION

The Plaintiffs' argument notwithstanding, the test of constitutional compliance in cases like the case before the Court remains the three prong test set forth in Lemmon v. Kurtzman 411 U.S. 192 (1971), that is (1) Does the program have a secular purpose?  (2) Does the primary effect neither advance nor inhibit religion?  (3) Does the program foster an excessive entanglement between government or religion?  As to each test, the 40 Developmental Asset Program meets constitutional conditions.  The Program has an over riding secular purpose, it does not have the primary effect of either advancing or inhibiting religion and it does not foster and extensive entanglement with religion.

4

The Plaintiffs have cited several cases to support their argument that the distribution and posting of Asset No. 19 violates the establishment clause of the United States Constitution. Each of the cases cited by the Plaintiffs can be clearly distinguished from the facts in this case.

In McCollum v. Board of Education, 333 U.S. 203 (1948), public schools participated in the active teaching of the Christian religion by allowing religious teachers to come into the school during class hours and, for 30 minutes, substitute religious teaching for the regular educational program. The facts demonstrated that there was a close association with the school personnel and the religious counsel to promote religion and that not only was the overriding purpose the establishment of religion in the school, but the stated purpose was to foster religion in the schools.

In Engle v. Vitale, 370 U.S. 421 (1962) the Board of Education required the recitation of a prayer to be said aloud by each class in the presence of their teacher each day. While the school district argued that this was part of a statement of moral and spiritual training, the Court found that the overriding purpose of the activity was an active promotion and participation in a Christian religious activity.

Similarly, in Abington School District v. Schempp, 347 U.S. 203 (1963) the Court found that a state statute requiring bible reading of at least 10 verses each day followed by the recitation of the Lord's Prayer constituted a religious observance of a Christian ceremony with the intention and overriding purpose to introduce religion into the schools.

In Epperson v. Arkansas, 393 U.S. 97 (1968) an agitated Court held that the prohibition

5

from teaching evolution in the schools was intended to blot out a particular theory because of a conflict with religious beliefs and had an overriding religious purpose.

In perhaps a case most arguably similar, but factually distinguishable to the case before the Court, the Supreme Court in <u>Stone v. Graham</u>, 449 U.S. 39 (1980) held that a Kentucky statute requiring the posting of the Ten Commandments in each classroom in each school in the state did not have a secular purpose. The Court stated: "The pre-eminent purpose for posting the Ten Commandments on schoolroom walls is plainly religious in nature. The Ten Commandments are undeniably a sacred text in the Jewish and Christian faiths, and no legislative recitation of a supposed secular purpose can blind us to that fact." <u>Stone</u> 449 U.S. at 41.

In <u>Wallace v. Jaffrey</u>, 472 U.S. 38 (1995) the Court determined that the admitted, stated and announced purpose of one minute of silence in school for optional prayer was to encourage religion in school and had but a clear religious purpose and was unconstitutional.

In <u>Edwards v. Aguillard</u>, 482 U.S. 578 (1987) the Court could not find a justifiable secular purpose in a Louisiana law mandating the teaching of creationism and found that the clear primary purpose was the promotion of a particular religious belief.

In both <u>Lee v. Weisman</u>, 505 U.S. 577 (1992) and in <u>Santa Fe Independent School District v. Doe</u>, 530 U.S. 290 (2000) the Court held that prayers at graduation and before football games respectively, did not have any secular purpose and determined that the only purpose was to endorse religious school prayer.