**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   07-cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION, INC.;
JOHN DOE;
DOECHILD, A MINOR CHILD;
JOHN ROE;
MARY ZOE; and
ROECHILD-1 A MINOR CHILD; and
ROECHILD-2, A MINOR CHILD,

    Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT; and
MONTE C. MOSES, SUPERINTENDENT OF SCHOOLS OF
THE CHERRY CREEK SCHOOL DISTRICT,

    Defendants.

_____

**SCHEDULING ORDER**
_____

**1.   DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

May 13, 2008, at 9:00 a.m.

Robert R. Tiernan, Esq., attorney for Plaintiffs Freedom From Religion Foundation, Inc.; John Doe; DoeChild, a minor child; John Roe; Mary Zoe; RoeChild-1, a minor child; and RoeChild-2, a minor child.  3165 S. Waxberry Way, Denver, Colorado 80231.  (303) 671-2490.

Richard J. Banta, Esq. attorney for Defendants Cherry Creek School District No. 5 and Monte C. Moses, Superintendent of Schools of the Cherry Creek School District No. 5.  7979 E.

Tufts Avenue #700, Denver, Colorado 80237. (303) 220-8000.

## 2. STATEMENT OF JURISDICTION

Jurisdiction over Plaintiffs' federal claims exists under 28 U.S.C. 1331 and 28 U.S.C. 1343(a)(3) and (4). Jurisdiction over Plaintiffs' state law claims exists pursuant to 28 U.S.C. 1367(a).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a.  Plaintiff(s):  Plaintiffs seek declaratory, injunctive, and remedial relief against the Cherry Creek School District No. 5 (which operates public schools) and its Superintendent regarding their adoption, endorsement, and promotion of a program which recommends that students spend one or more hours per week in activities in a religious institution. It is Plaintiffs' position that such recommendation constitutes an establishment of religion and that it prohibits the free exercise of religion in violation of the First Amendment to the Constitution of the United States as applied to state and local governments and their instrumentalities by the Fourteenth Amendment. Plaintiffs also claim that such program violates Article IX, Section 8 of the Colorado Constitution which prohibits government from teaching sectarian tenets and doctrines.

In particular, Plaintiffs contend that Defendants' program shows favoritism to religion and religious institutions, creates an excessive entanglement of government with religion, has the principal effect of advancing religion, turns Plaintiffs into outsiders based solely on religion, interferes with Plaintiff's free exercise of religion guaranteed by the First Amendment, places the imprimatur of a public school system on institutions that teach dogma with which Plaintiffs

disagree, and promotes the idea that attendance at religious institutions is essential to good citizenship, an idea which is offensive to Plaintiffs and which Plaintiffs deny. Plaintiffs also contend that Developmental Asset No. 19 has no valid secular purpose. It does not achieve any of the benefits claimed by the Defendants, nor does it promote good citizenship, enable young people to realize their full individual and academic potential, or make them more likely to be successful academically, socially, or emotionally. Plaintiffs do not accept the Defendants' contention concerning the benefits of the 40 Developmental Assets. However, assuming *arguendo,* that such Assets are beneficial as Defendants assert, Asset No. 19 is neither a necessary nor contributing factor.

   b. Defendant(s):

In defense of the Plaintiffs' claims, the Defendants filed a Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) on the basis that the Complaint and all claims set forth therein fail to state a claim against the Defendants or either of them upon which relief can be granted. The Defendants have also asserted that the Plaintiff, Freedom From Religion Foundation, Inc., lacks standing to maintain this action. The Defendants have submitted matters outside the pleadings with their Motion to Dismiss, and if those matters are considered by the Court, it would allow the Court to treat the Motion as one for summary judgment in favor of the Defendants.

The basis of the Defendants' Motion to Dismiss, and thusly a substantial portion of the Defendants' defenses to the Complaint, if it becomes necessary to file one, is that the utilization of the 40 Developmental Asset Program by the Defendants does not, as a matter of law, or even factually, constitute the establishment of religion by the district, does not prohibit the free

exercise of religion or in any other way violate the First Amendment of the Constitution of the United States.  The 40 Developmental Assets while made available for consideration by students, parents and the community is not taught as a course of study in any class in the schools within the district, nor is Asset 19, the alleged objectionable asset  in any way emphasized, taught or encouraged over and above any of the forty assets.  None of the assets, including Asset 19, are conveyed as mandatory.  In fact, other than advising students, parents and community of the benefits to students who adopt twenty or more of the assets, the district makes it abundantly clear that the determination of which assets, if any, are best for any student or family, is determined by the individual family in consideration of their individual cultures and values.

Based upon studies and research believed to be accurate by the district, children with 20 or more of the developmental assets are better students, far less likely to engage in destructive activities and tend to demonstrate positive productive behaviors.  Based upon student surveys and studies conducted by the district, students who possess a significant number of the identified assets fit in better socially in school and establish  better peer and teacher connections and relationships.  The 40 Developmental Asset Program has, as its sole and exclusive purpose, a method and means to assist students, parents and the community to better enable students to avoid risk-taking behavior and to assist them in becoming responsible, competent and healthy young adults with improved academic potential.  In no instance is compliance with one or all or any of  the assets mandated or required by any student. The stated reasons for the use of the 40 Developmental Asset Program is purely and completely secular.  The 40 Developmental Asset Program neither advances nor promotes religion or a particular religious belief.  At most, the

reference in Asset 19 to religion is indirect, remote and incidental. Inasmuch as there is no mandated participation by any student in any course of study concerning the 40 Developmental Assets as a whole, and certainly not Asset 19, there is no entanglement between the district and religion.

Without meeting the three-prong Lemon test, the Plaintiffs' claim for First Amendment violations must fail. Even more clearly, the allegations of violation of Article IX of the Colorado Constitution are factually and legally unfounded.

If required to answer, additional defenses may be raised by the Defendants in this matter.

c.     Other Parties:   There are no other parties.

### 4.   UNDISPUTED FACTS

The following facts are undisputed:[1]

a. Plaintiff John Doe is a citizen of the United States, of the State of Colorado, and is a resident of the Cherry Creek School District. He owns property in such District and pays taxes to support the Cherry Creek School District. Plaintiff John Doe is a parent of DoeChild and has legal custody of that child.

b. Plaintiff Mary Zoe is a citizen of the United States, of the State of Colorado, and is a resident of the Cherry Creek School District. She pays taxes to support the Cherry Creek School District. Plaintiff Mary Zoe is the mother and legal custodian of Roechild-1 and

---

[1] Because no Answer to the Complaint has been filed and this case is not yet at issue, the list of undisputed facts set forth herein may not be complete.

RoeChild-2.

  c. Plaintiff John Roe is a citizen of the United States and of the State of Colorado. He is the father of RoeChild-1 and RoeChild-2 and has joint legal custody of those children.

  d. Plaintiff DoeChild is a citizen of the United States, of the State of Colorado, and is a resident of the Cherry Creek School District. He is the son of Plaintiff John Doe and is enrolled in and attends one of Cherry Creek School District's public schools.

  e. Plaintiffs RoeChild-1 and RoeChild-2 are minor children of John Roe and Mary Zoe and are enrolled in and attend the Cherry Creek School District's public schools

  f. Plaintiff Freedom From Religion Foundation, Inc. is a non-profit corporation existing under the laws of the State of Wisconsin and authorized to do business in the State of Colorado. The Foundation promotes the constitutional separation of church and state. Plaintiffs John Doe and Mary Zoe are members of the Foundation.

  g. The Defendant, Cherry Creek School District No. 5 (the "District"), a political subdivision of the State of Colorado, is a public school district, located in Arapahoe County operating public schools within the District's boundaries, and exists pursuant to the laws and Constitution of the State of Colorado.

  h. Defendant Monte C. Moses (or his successor) is the Superintendent of the Cherry Creek School District No. 5. As the chief executive officer, he is responsible, among other things, for the day to day operation of the District's schools, for carrying out the policies and programs of the District, and for such other duties as may be assigned to him by the Board of

Education.

        i. Defendant Cherry Creek School District No. 5 utilizes a program known as "40 Developmental Assets."

        j. Included among the 40 Developmental Assets is Asset 19 which states "Religious community – Young person spends one or more hours per week in activities in a religious institution."

        k.  The list of the 40 Developmental Assets has been promoted to students, parents and the community. They have been placed in the 2006 - 2007 and 2007 - 2008 Master Calendars and have been posted in some of the schools in the District.

        l. Asset No. 19 has been posted in at least one of the District's schools alongside the photo of a child with her hands clasped under the title "Faith Community."

## 5.   COMPUTATION OF DAMAGES

No damages have been requested by any party other than costs and attorneys' fees.

## 6.   REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.     Date of rule 26(f) meeting:   April 16, 2008.

b.     Robert R. Tiernan, on behalf of all Plaintiffs, and Richard J. Banta, on behalf of all Defendants.

c.     Because this case is not at issue, the timing and requirements of disclosures under Fed. R. Civ. P. 26(a)(1) cannot be determined.

d.     Because this case is not at issue, no agreement can be reached as to when Rule

26(a)(1) disclosures will be made.

 e. Because this case is not at issue, no agreement can be reached concerning informal discovery, exchanges of documents, and joint meetings with clients to discuss settlement.

 f. Because this case is not at issue, no determination can be made as to whether claims or defenses will involve extensive electronically stored information or a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Therefore, no steps have been taken to preserve electronically stored information, to facilitate discovery of electronically stored information, to limit associated discovery costs and delay or to avoid discovery disputes relating to electronic discovery. No agreements have been reached for asserting claims of privilege or of protection ass trial-preparation materials after production of computer-generated records.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. CASE PLAN AND SCHEDULE

Because this case is not at issue, no case plan can be proposed or implemented at this time.

 a. Deadline for Joinder of Parties and Amendment of Pleadings:

 b. Discovery Cut-off:

 c. Dispositive Motion Deadline:

 d. Expert Witness Disclosure

8

    (1) State anticipated fields of expert testimony, if any.

    (2) State any limitations proposed on the use or number of expert witnesses.

    (3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.

    (4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before _____, 200__.

    (5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

  e. Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

  f. Interrogatory Schedule

  g. Schedule for Request for Production of Documents

  h. Discovery Limitations:

    (1) Any limits which any party wishes to propose on the number of depositions.

    (2) Any limits which any party wishes to propose on the length of depositions.

9

(3)     Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

(4)     Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

(5)     Other Planning or Discovery Orders

## 9.  SETTLEMENT

The parties discussed the possibilities for a prompt settlement or resolution of this case by alternate dispute resolution and have reached no agreement at this time.

## 10.  OTHER SCHEDULING ISSUES

Because this case is not at issue, agreement on other scheduling issues cannot be reached at this time.

## 11.  DATES FOR FURTHER CONFERENCES

a.     A settlement conference will be held on_____ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )     Pro se parties and attorneys only need be present.

( )     Pro se parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the

10

strengths and weaknesses of their case.

  b. Status conferences will be held in this case at the following dates and times:

_____

_____

  c. A final pretrial conference will be held in this case on _____ at_____ o'clock __.m.   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12.   OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended by either party within thirty days after the Defendants files an answer to the complaint.  Otherwise, this order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 200___.

BY THE COURT:

_____
United States Magistrate Judge

APPROVED:

| __s/ Robert R. Tiernan_____ | __s/ Richard J. Banta_____ |
| Robert R. Tiernan, Esq. | Richard J. Banta, Esq. |
| 3165 S. Waxberry Way | 7979 E. Tufts Avenue #700 |
| Denver, CO 80231 | Denver, CO 80237 |
| (303) 671-2490 | (303) 220-8000 |
| Attorney for Plaintiffs | Attorney for Defendants |