IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07 -cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION,
INC.; JOHN DOE;
DOECHILD, A MINOR CHILD;
JOHN ROE;
MARY ZOE;
ROECHILD-1; A MINOR CHILD; and
ROECHILD-2, A MINOR CHILD,

    Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT; and
MONTE C. MOSES, SUPERINTENDENT OF SCHOOLS OF THE CHERRY CREEK
SCHOOL DISTRICT,

    Defendants.

## ANSWER TO THIRD AMENDED COMPLAINT

The Defendants, above-named, by and through their undersigned counsel herewith submit their Answer to the Plaintiffs' Third Amended Complaint and admit, deny and allege as follows:

### FIRST DEFENSE

### AS TO JURISTICTION

1. The Defendants admit that the Court has jurisdiction over this matter and deny all other allegations set forth in paragraph 1 of the Third Amended Complaint.

## AS TO VENUE

2. The Defendants admit the venue is proper in this Court as alleged in paragraph 2 of the Third Amended Complaint.

## AS TO PARTIES

3. The Defendants are without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 3, 4, 5, 6, and 7 of the Third Amended Complaint and accordingly deny the same.

4. The Defendants admit the allegations contained in paragraphs 8 and 9 of the Third Amended Complaint.

## AS TO CLAIMS FOR RELIEF

5. The Defendants admit the allegations contained in paragraph 10 of the Third Amended Complaint except that portion thereof that states: "Defendant Moses has intentionally engaged in fear-mongering by warning parents and children that asset-poor children risk death.", which portion of said paragraph 10 the Defendants specifically deny.

6. The Defendants answer the allegations contained in paragraph 11 of the Third Amended Complaint by admitting that one of the Developmental Assets states what is alleged, affirmatively alleging that the language of said Asset 19 speaks for itself, by admitting that all of the 40 Developmental Assets are posted some times in some of the Defendant District's schools and by denying all other allegations in said paragraph 11.

7. The Defendants answer paragraph 12 of the Third Amended Complaint by alleging that they are informed and admit on such information that the 40 Developmental Assets were developed by The Search Institute, by admitting that there is a board of parents and other interested individuals known as "CAP" that work independently from, but in cooperation with the Defendant District in connection with the 40 Developmental Asset program and

other student issues, that the Defendant District staffs an office known as the "Prevention Office" that works with the 40 Developmental Asset program and CAP, and by stating that they are without sufficient knowledge and information to form a belief as to the truth of the remaining allegations in said paragraph 12 and therefore deny the same.

8.  The Defendants deny the allegations contained in paragraph 13 of the Third Amended Complaint.

9.  The Defendants answer paragraph 14 of the Third Amended Complaint by admitting that they have represented that studies support the benefits of the 40 Developmental Assets, by denying they have represented the same are supported by "scientific" studies and by denying all other allegations contained in said paragraph 14.

10.  The Defendants deny the allegations contained in paragraph 15 of the Third Amended Complaint.

11.  The Defendants answer paragraph 16 of the Third Amended Complaint by admitting that the Defendants have posted all of the 40 Developmental Assets at some times in some of the District schools and by denying all other allegations in said paragraph 16.

12.  The Defendants deny the allegations contained in paragraphs 17, 18, 19, 20, & 21 of the Third Amended Complaint except to admit that the Defendants continue to distribute, support and endorse the 40 Developmental Asset program.

13.  The Defendants deny each and every allegation contained in the Third Amended Complaint including the Appendices attached thereto to the extent they are intended to assert claims for relief, not herein above admitted, or denied.

FIRST AFFIRMATIVE DEFENSE

14.  The Plaintiffs' Third Amended Complaint fails to state a claim against the Defendants or either of them upon which relief can be granted and should be dismissed.

## SECOND AFFIRMATION DEFENSE

15. The Plaintiffs' Third Amended Complaint is barred by the doctrines of waiver, latches and estoppel.

## THIRD AFFIRMATION DEFENSE

16. The Plaintiffs' Third Amended Complaint is barred by the applicable statutes of limitations.

## FORTH AFFIRMATION DEFENSE

17. The Defendants are entitled to full, good faith and/or official immunity from the claims of the Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

18. The principal or primary effect of the acts of the Defendants complained of by the Plaintiffs does not advance or inhibit religion in the public schools, the acts of the Defendants do not foster an excessive governmental entanglement of the school district with religion, and the acts of the Defendants have a primary and substantial secular legislative purpose.

## SIXTH AFFIRMATIVE DEFENSE

19. One or more of the individual Defendants lack standing to maintain this action and should be dismissed from this case.

## SEVENTH AFFIRMATIVE DEFENSE

20. The Plaintiffs' allegations that the entirety of the 40 Developmental Asset Program violates the Establishment Clause of the U.S. Constitution or in any other way deprives the Plaintiffs of any constitutionally protected right are patently false on their face and appear to be asserted for the purpose of harassment, entitling the Defendants of an award of attorney fees and costs.

## EIGHT AFFIRMATIVE DEFENSE

21.  The Plaintiffs' allegations that the Defendants actions violate Article IV, Section 2 and Article IX, Section 8 of the Constitution of the State of Colorado are patently false on their fact and appear to have been asserted for the purpose of harassment, entitling the Defendants of an award of attorney fees and costs.

## NINTH AFFIRMATIVE DEFENSE

22.  The claims of one or more of the Defendants have been rendered moot due to the graduation of one or more of the Defendant students from the Defendant District schools.

WHEREFORE having fully answered the Plaintiffs' Third Amended Complaint, the Defendants pray that the same be dismissed, for judgment in favor of the Defendants and against the Plaintiffs on all claims for relief set forth in said Third Amended Complaint, an award of the Defendants' attorney fees and costs incurred herein, and for such other and additional relief as to the Court appears proper in the premises.

Dated this  13th  day of  October , 2008

Respectfully submitted,

BANTA-HOYT, LLC

By:  s/ Richard J. Banta
Richard J. Banta,
Banta-Hoyt, LLC
7979 E. Tufts Ave. Suite 700
Denver, Colorado 80237
Telephone:  303-220-8000
Facsimile:   303-220-0153
rjbanta@bantahoyt.com
Attorneys for Plaintiff

[*Original Signature on file at the office of Banta-Hoyt, LLC*]

5

CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2008 I served a true copy of the foregoing ANSWER TO THE THIRD AMENDED COMPLAINT on the below listed persons by electronic means addressed as follows:

*[Signed original on file at the office of Banta-Hoyt, L.L.C.]*

      ___s/ Richard J. Banta_____
              Richard J. Banta