IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION, INC.;
JOHN DOE;
DOECHILD;
JOHN ROE;
MARY ZOE;
ROECHILD-1; A MINOR CHILD; and
ROECHILD-2, A MINOR CHILD,

    Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT # 5; and
MONTE C. MOSES, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS
OF CHERRY CREEK SCHOOL DISTRICT # 5,

    Defendants.

---

## AMENDED SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

December 3, 2008, at 10:45 a.m.

Robert R. Tiernan, Esq., attorney for Plaintiffs Freedom From Religion Foundation, Inc.; John Doe; DoeChild; John Roe; Mary Zoe; RoeChild-1, a minor child; and RoeChild-2, a minor child.  3165 S. Waxberry Way, Denver, Colorado 80231.  (303) 671-2490.

Richard J. Banta, Esq., attorney for Defendants Cherry Creek School District # 5 and Monte C. Moses, Superintendent of Schools of the Cherry Creek School District # 5.  7887 E. Belleview Avenue, Suite 1100, Englewood, CO 80111.  (303) 220-8000.

## 2.  STATEMENT OF JURISDICTION

Jurisdiction over Plaintiffs' federal claims exists under 28 U.S.C. 1331 and 28 U.S.C. 1343(a)(3) and (4).  Jurisdiction over Plaintiffs' state law claims exists pursuant to 28 U.S.C. 1367(a).

## 3.  STATEMENT OF CLAIMS AND DEFENSES

a.       Plaintiffs:   Plaintiffs seek declaratory, injunctive, and remedial relief against the Cherry Creek School District # 5 (which operates public schools) and its Superintendent regarding their adoption, endorsement, and promotion of a program known as the 40 Developmental Assets.  These Assets are designed to form the basis for a Christian life and Asset 19 in particular recommends that students engage in activities in a religious institution.  The Assets are strongly promoted in a variety of ways to both students and parents and, in fact, are taught in the classroom.

It is Plaintiffs' position that the 40 Developmental Assets and the ways in which they are promoted throughout Defendants' public school district constitute an establishment of religion and that they prohibit the free exercise of religion in violation of the First Amendment to the Constitution of the United States as applied to state and local governments and their instrumentalities by the Fourteenth Amendment.  Plaintiffs also claim that such program violates Article II, Section 4 and Article IX, Section 8 of the Colorado Constitution which prohibit government from granting religious preferences and teaching sectarian tenets and doctrines.

Plaintiffs contend that Defendants' program shows favoritism to religion and religious institutions, creates an excessive entanglement of government with religion, has the principal effect of advancing religion, turns Plaintiffs into outsiders based solely on religion, interferes

with Plaintiff's free exercise of religion guaranteed by the First Amendment, places the imprimatur of a public school system on institutions that teach dogma with which Plaintiffs disagree, promotes the idea that attendance at religious institutions is essential to good citizenship, would cause a reasonable observer to believe that the Defendants endorse religion, and that it is intended to indoctrinate students with the idea that religion is necessary to a well-balanced, productive life, an idea which is offensive to Plaintiffs and which Plaintiffs deny. Plaintiffs also contend that the Developmental Assets are self-defeating and that they have no valid secular purpose.  They do not achieve, nor are they able to achieve, any of the benefits claimed by the Defendants, nor do they promote good citizenship, enable young people to realize their full individual and academic potential, or make them more likely to be successful academically, socially, or emotionally.

      b.      Defendants:  The utilization of the 40 Development Asset Program (the "Asset Program"), as a matter of law and factually does not: (i) constitute the establishment of religion by the Defendants; (ii) create an entanglement between the district and religion; (iii) advance, promote or prohibit religion or a particular religious belief.  The sole stated and applied reason for the use of the Asset Program is completely secular. The Defendants have not interfered with the Defendants' free exercise of their religious or non-religious beliefs in any respect.

The Asset Program and particularly Asset 19 is neither a mandated class nor part of the curriculum or course of study in any school within the district.

All students, parents and community members are clearly advised that the utilization of the Asset Program and the determination of which of the assets may be best for any student or family, if any, is determined by the individual family in consideration of their individual cultures

and values.

The Asset Program as utilized by the District neither grants any religious preference nor does it constitute the teaching of sectarian tenets and doctrines and no facts have been alleged by the Plaintiffs establishing even the basics of such state constitutional violations.

The Defendants have raised the following affirmative defenses: (i) failure to state a claim upon which relief can be granted; (ii) waiver, latches and estoppel; (iii) statute of limitations; (iv) complete, good faith or official immunity; (v) lack of standing; (vi) false and harassing claims entitling the Defendants to costs and attorney fees; and (vii) mootness.

    c.      Other Parties:   There are no other parties.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

    a.      Plaintiff John Doe is a citizen of the United States, of the State of Colorado, and is a resident of the Cherry Creek School District.  He owns property in such District and pays taxes to support the Cherry Creek School District.  Plaintiff John Doe is a parent of DoeChild, but does not currently have a child attending any school within the Cherry Creek School District.

    b.      Plaintiff Mary Zoe is a citizen of the United States, of the State of Colorado, and is a resident of the Cherry Creek School District.  She pays taxes to support the Cherry Creek School District.  Plaintiff Mary Zoe is the mother and legal custodian of Roechild-1 and RoeChild-2.

    c.      Plaintiff John Roe is a citizen of the United States and of the State of Colorado. He is the father of RoeChild-1 and RoeChild-2 and has joint legal custody of those children.

    d.      Plaintiff DoeChild is a citizen of the United States, of the State of Colorado, and

is a resident of the Cherry Creek School District.  He is the son of Plaintiff John Doe and was, but having graduated from high school is no longer, enrolled as a student in one of the School District's public schools at the time this action was initiated.

  e. Plaintiffs RoeChild-1 and RoeChild-2 are minor children of John Roe and Mary Zoe and are enrolled in and attend the Cherry Creek School District's public schools

  f. Plaintiff Freedom From Religion Foundation, Inc. is a non-profit corporation existing under the laws of the State of Wisconsin and authorized to do business in the State of Colorado.  The Foundation promotes the constitutional separation of church and state.  Plaintiffs John Doe and Mary Zoe are members of the Foundation.

  g. The Defendant,  Cherry Creek School District # 5 (the "District"), a political subdivision of the State of Colorado, is a public school district, located in Arapahoe County operating public schools within the District's boundaries, and exists pursuant to the laws and Constitution of the State of Colorado.

  h. Defendant Monte C. Moses (or his successor) is the Superintendent of the Cherry Creek School District # 5.  As the chief executive officer, he is responsible, among other things, for the day to day operation of the District's schools, for carrying out the policies and programs of the District, and for such other duties as may be assigned to him by the Board of Education.

  i. Defendant Cherry Creek School District # 5 utilizes a program known as "40 Developmental Assets."

  j. Included among the 40 Developmental Assets is Asset 19 which states "Religious community – Young person spends one or more hours per week in activities in a religious institution."

5

      k.      The list of the 40 Developmental Assets has been promoted to students, parents and the community.  They have been placed in the 2006 - 2007, 2007 - 2008, and 2008 -2009 Master Calendars and have been posted in some of the schools in the District.

      l.      Asset No. 19 has been posted in at least one of the District's schools alongside the photo of a child with her hands clasped under the title "Faith Community."

### 5. COMPUTATION OF DAMAGES

No damages have been requested by any party other than costs and attorneys' fees.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

      a.      Date of rule 26(f) meeting:   November 26, 2008.

      b.      Robert R. Tiernan, on behalf of all Plaintiffs, and Richard J. Banta, on behalf of all Defendants.

      c.      There are no proposed changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

      d.      Rule 26(a)(1) disclosures were made by the parties on May 5, 2008.  Plaintiffs supplemented their disclosures on September 2, 2008.

      e.      Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties.  None.

      f.      Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or

discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.  The parties do not believe the claims or defenses will involve extensive electronically stored information but the Defendants have taken steps to preserve electronically stored information to the extent any such information exists.

## 7.  CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: January 6, 2009.

b. Discovery Cut-off: May 4, 2009.

c. Dispositive Motion Deadline: June 4, 2009.

d. Expert Witness Disclosure

(1) Anticipated fields of expert testimony:

(a) Plaintiffs:  The effect of religion on children and how they react to government promotion of religion.

(b) Defendants: The benefit of the 40 Developmental Assets on children's development and education.

(2) Each side is limited to ~~one~~ **two** expert witness, absent leave of court.

(3) The parties shall designate all **affirmative** experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~April 7~~ **March 13**, 2009.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ~~May 4~~ **April 17**, 2009.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Bart Prieve | To be determined | To be determined | Three hours |
| Rob Stuart | To be determined | To be determined | Two hours |
| Monte Moses | To be determined | To be determined | Three hours |
| Brenda Holben (or her replacement) | To be determined | To be determined | Two hours |
| Plaintiff John Doe | To be determined | To be determined | Two hours |
| Plaintiff John Roe | To be determined | To be determined | Two hours |
| Plaintiff Mary Zoe | To be determined | To be determined | Two hours |

f. Interrogatory Schedule: All Interrogatories must be served on or before February 4, 2009.

g. Schedule for Request for Production of Documents: All Requests for Production

and Requests for Admission must be served on or before March 1, 2009.

  h. Discovery Limitations:

    (1) The presumptive limit in Fed.R.Civ.P. 30 shall apply.  **Each side may take a total of ten fact and/or expert depositions.**

    (2) The presumptive limit on length of depositions shall apply, absent agreement of the parties or leave of court for good cause shown.

    (3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.  ~~None.~~ **See above.**

    (4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.  Each side is limited to twenty (20) requests under Fed.R.Civ.P. 34 and 36.

    (5) Other Planning or Discovery Orders.  None.

## 9.  SETTLEMENT

The parties discussed the possibilities for a prompt settlement or resolution of this case by alternate dispute resolution and have reached no agreement at this time.

## 10.  OTHER SCHEDULING ISSUES

There are none.

## 11.  DATES FOR FURTHER CONFERENCES

  a. A settlement conference will be held on_____ at _____ o'clock ___.m.  **The parties are directed to contact the Magistrate Judge when and if they believe a settlement conference would be productive.**

It is hereby ordered that all settlement conferences that take place before the magistrate

judge shall be confidential.

      ( )      Pro se parties and attorneys only need be present.

      ( )      Pro se parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

      ( )      Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

      b.      Status conferences will be held in this case at the following dates and times:

_____

_____

      c.      A final pretrial conference will be held in this case on _____ at_____ o'clock __.m.   A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 12.  OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the

magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended by either party within thirty days after the Defendants files an answer to the complaint.  Otherwise, this order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 3th  day of December, 2008.

BY THE COURT:

 s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

|  |  |
|---|---|
| s/ Robert R. Tiernan | s/ Richard J. Banta |
| Robert R. Tiernan, Esq. | Richard J. Banta, Esq. |
| 3165 S. Waxberry Way | 7887 E. Belleview Avenue #1100 |
| Denver, CO 80231 | Englewood, CO 80111 |
| (303) 671-2490 | (303) 220-8000 |
| Attorney for Plaintiffs | Attorney for Defendants |