**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   07-cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION, INC.;
JOHN COE;
MARY COE;
COECHILD-1; A MINOR CHILD; and
COECHILD-2, A MINOR CHILD;

   Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT # 5; and
MONTE C. MOSES, IN HIS OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS OF CHERRY CREEK SCHOOL DISTRICT # 5,

   Defendants.

_____

**MEMORANDUM IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER**
_____

   Plaintiffs, by and through undersigned counsel, submit this Memorandum in Support of Motion for Protective Order.

   This lawsuit challenges a program entitled "40 Developmental Assets" sponsored by the Defendant Cherry Creek School District.  The Complaint also includes an objection to Developmental Asset 19 which states: **"Religious Community** – Young person spends one or more hours per week in a religious institution."  Plaintiffs allege that the assets program constitutes an establishment of religion in violation of the First and Fourteenth Amendments to the U.S. Constitution and violates Article IX, Section 8 of the Colorado Constitution.

Each of the Plaintiffs for whom anonymity is sought is a child enrolled in a public school in the Cherry Creek School District, or the parent of such child. Disclosure of the actual and true names of the children has the potential to subject them to serious harm. Disclosure of the parents' identities would, in turn, easily lead to disclosure of the identities of the children.[1]

The United States Court of Appeals for the Tenth Circuit has acknowledged that ..." there may be exceptional circumstances warranting some form of anonymity in judicial proceedings" and that "... it is proper to weigh the public interest in determining whether some form of anonymity is warranted." *Femedeer v. Haun*, 227 F. 3d 1244, 1246 (10th Cir., 2000) (Internal citations omitted). Factors for the Court to consider in determining whether or not to issue an order granting anonymity are (1) the severity of the threatened harm, (2) the reasonableness of the fears of the party seeking anonymity, and (3) the vulnerability of the anonymous party to retaliation. *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir., 2000). These three factors are present here.

Two of the Plaintiffs are children who are particularly vulnerable to retaliation. The Defendants have aggressively promoted the Developmental Assets, including Asset 19, in an effort to instill allegedly desirable qualities in students of the Cherry Creek schools. Not only is this action likely to arouse the ire of the Defendants, but more importantly, many parents and children in the system are likely to perceive Plaintiffs' objections as hostile to religion and aimed at stifling the school system's efforts to produce good citizens. The repercussions are potentially severe.

The United States Supreme Court has recognized the danger to children in cases involving

---

[1] The ages of the children are 16 and 15.

2

religious dissent and has permitted pseudonymous filings in precisely this type of litigation. *Santa Fe Independent School Dist. v. Doe*, 530 U.S. 290 (2000). In *Santa Fe*, the controversy centered on a challenge to prayer at athletic events. The Court obviously felt it necessary to protect the dissident plaintiffs because of the fear of reprisal from fellow students.

Even the mildest threatened harm – harassment of children in the public schools – warrants the requested relief. The fears of retaliation are reasonable, and each of the children (and each adult) is vulnerable to harm. *See Doe v. Advanced Textile Corp., supra.*

A book written by Professor Frank Ravitch of the Michigan State University College of Law documents the seriousness of harm to students who objected to religion in public schools. One instance involved a Lutheran family whose children declined to participate in public school prayers. As a result, they were harassed by "[b]oth teachers and students." When the family filed suit to stop this clearly unlawful practice, "the harassment got even worse. The child's family received bomb threats, the child was threatened with death, and the name calling and ridicule worsened."[2]

A second story recounted by Professor Ravitch concerned "a Jewish family whose children had been subjected to severe religious discrimination and harassment in school." The children "were physically assaulted by classmates because of their religion; swastikas were drawn on their lockers, bookbags, and jackets; and they were regularly taunted by the other children." The mother, in a sworn statement to the Court, stated:

---

[2] Ravitch, FS. *School Prayer and Discrimination: The Civil Rights of Religious Minorities and Dissenters.* (Northeastern University Press: Boston, 1999).

> Every day that I send my children to Pike County schools, I wonder if I am sending them into a war zone. … The consequences of the school environment on my children's psyches are devastating. My children are growing up believing that America is a caste society and they are untouchables – except for the purpose of getting beaten up."[3]

"Rachel Bauchman, a Jewish high school student, objected to overtly religious songs, which were sung at high school graduations by the high school choir of which she was a member. … Rachel obtained a court order prohibiting the graduation songs. However, at the urging of parents and some students, the choir performed one of the religious songs anyway. When Rachel and her mother got up to leave – Rachel in tears – parents and students in the audience jeered and spat on them."[4]

The proposed ORDER provides Defendants with adequate means of ascertaining the residency status, taxpayer status, and school enrollment status of the Plaintiffs. Discovery, if needed, can also be accomplished under the proposed ORDER while preserving Defendants' rights.

## CONCLUSION

Wherefore, it is respectfully requested that the Court preserve the anonymity of the Plaintiffs by entering a protective order.

Respectfully submitted,

s/ Robert R. Tiernan
Robert R. Tiernan
3165 S. Waxberry Way

---

[3] *Id.,* at 11.

[4] *Id.,* at 11-12.

        Denver, CO  80231  
        Telephone:  (303) 671-2490  
        FAX: (303) 743-7810  
        E-mail: jwells1960@netzero.com  
        Attorney for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on ___May 20, 2009___, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

rjbanta@bantahoyt.com

        s/   Robert R. Tiernan  
        Robert R. Tiernan  
        Attorney for the Plaintiffs  
        3165 S. Waxberry Way  
        Denver, CO  80231  
        Telephone:  (303) 671-2490  
        FAX: (303) 743-7810  
        E-mail: jwells1960@netzero.com