**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   07-cv-02126-MSK-CBS

FREEDOM FROM RELIGION FOUNDATION, INC.;
JOHN COE;
MARY COE;
COECHILD-1; A MINOR CHILD; and
COECHILD-2, A MINOR CHILD;

      Plaintiffs,

v.

CHERRY CREEK SCHOOL DISTRICT # 5; and
MARY CHESLEY, IN HER OFFICIAL CAPACITY AS SUPERINTENDENT OF SCHOOLS OF
CHERRY CREEK SCHOOL DISTRICT # 5,

      Defendants.

---

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER TO PROCEED BY PSEUDONYMS**

---

Plaintiffs, by and through undersigned counsel, submit this Memorandum in Support of Plaintiffs' Motion to proceed by pseudonyms.

This lawsuit challenges a program entitled "40 Developmental Assets" sponsored by the Cherry Creek School District. The Complaint also includes a specific objection to Developmental Asset 19 which states: **"Religious Community –** Young person spends one or more hours per week in a religious institution." Plaintiffs allege that the foregoing constitutes an establishment of religion in violation of the First and Fourteenth Amendments to the U.S. Constitution and violates Article

1

IX, Section 8 of the Colorado Constitution.

The individuals for whom pseudonyms are sought are the parents of minor children enrolled as students in the Cherry Creek School District and the children. Disclosure of the actual and true names of the parents and, through them, disclosure of the identity of the children, is a serious invasion of privacy and has the potential to result in significant harm.[1]

A review of cases pertaining to the use of pseudonyms discloses that they are often allowed in cases involving welfare benefits, mental illness, homosexuality, and trans-sexuality, abortion, and birth control. *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992) and *Lindsey v. Dayton-Hudson Corporation,* 592 F.2d 1118, 1125 (10th Cir. 1979). Pseudonyms are also frequently permitted in religion cases. See, eg., *Doe v. Small*, 934 F.2d 783 (7th Cir. 1991), *Doe v. Village of Crestwood,* 917 F.2d 1476 (7th Cir. 1990), and *Doe v. Human,* 725 F.Supp. 1503 (W.D. Ark. 1989).

A recent case involving religion where pseudonyms were allowed was *Santa Fe Ind. School Dist. v. Doe*, 530 U.S. 290 (2000). Like the case at bar, this was a pubic school case. It involved a protest to prayers being recited at the school's varsity football games. Mr. Justice Stevens, speaking for the Court, noted, with approval, that the lower court had permitted the plaintiffs to litigate the case anonymously "...to protect them from intimidation or harassment." *Id.* at 294. (Footnote omitted).

The Tenth Circuit appears to have adopted a bit more stringent standard for pseudonymous filings than the United States Supreme Court. In *Femedeer v. Haun,* 227 F.3d 1244 (10th Cir. 2000),

---

[1] The ages of the children are 16 and 15.

the Court stated that "A plaintiff should be permitted to proceed anonymously...in...exceptional cases involving matters of a highly sensitive and personal nature, (or) real danger of physical harm..." *Id.* at 1246. Although Plaintiffs here can readily meet that standard, it is submitted that this Court should consider following the less restrictive standard enunciated by the Supreme Court in *Santa Fe*.

One's religion is, of course, very personal. It is nobody else's business. Atheism is even more sensitive. A recent public opinion poll which appeared in the April, 2006 issue of the American Sociological Review ranked the public's acceptance of atheists below Muslims, recent immigrants, gays and lesbians, and other minority groups. The poll also showed that atheists are seen by many as a threat to the American way of life and are the minority group most Americans are least willing to allow their children to marry.[2]

The 40 Developmental Assets have been promoted to both students and parents of the Cherry Creek School District. Without in any way impugning the good intentions of the Defendants, Plaintiffs are concerned about the possibility for intimidation, harassment, and physical harm should their identities become public. Although the intent of this lawsuit is to uphold the constitutional separation of church and state, suits of this nature are frequently misconstrued by some as hostility to religion.[3]

---

[2] "Atheists as "Other": Moral Boundaries and Cultural Membership in American Society", Penny Edgell, Joseph Gerteis, and Douglas Hartmann, AMERICAN SOCIOLOGICAL REVIEW, Vol. 71, No. 2, p. 211, *et seq*. (April, 2006).

[3] Having litigated church/state separation cases for the past twenty years, undersigned counsel is painfully familiar with the penchant for abusive treatment by people who have no discernable connection to the case.

As stated above, the United States Supreme Court has recognized the danger to children in cases involving religious dissent and has permitted pseudonymous filings in precisely this type of litigation. *Santa Fe Independent School Dist. v. Doe*, *supra.* That is because the potential for harm is real.

A book written by Professor Frank Ravitch of the Michigan State University College of Law documents the seriousness of harm to students who object to religion in public schools. One instance involved a Lutheran family whose children declined to participate in public school prayers. As a result, they were harassed by "[b]oth teachers and students." When the family filed suit to stop this clearly unlawful practice, "the harassment got even worse. The child's family received bomb threats, the child was threatened with death, and the name calling and ridicule worsened."[4]

A second story recounted by Professor Ravitch concerned "a Jewish family whose children had been subjected to severe religious discrimination and harassment in school." The children "were physically assaulted by classmates because of their religion; swastikas were drawn on their lockers, bookbags, and jackets; and they were regularly taunted by the other children." The mother, in a sworn statement to the Court, stated:

> Every day that I send my children to Pike County schools, I wonder if I am sending them into a war zone. … The consequences of the school environment on my children's psyches are devastating. My children are growing up believing that America is a caste society and they are untouchables – except for the purpose of getting beaten up."[5]

---

[4] Ravitch, FS. *School Prayer and Discrimination: The Civil Rights of Religious Minorities and Dissenters.* (Northeastern University Press: Boston, 1999).

[5] *Id.,* at 11.

"Rachel Bauchman, a Jewish high school student, objected to overtly religious songs, which were sung at high school graduations by the high school choir of which she was a member. … Rachel obtained a court order prohibiting the graduation songs. However, at the urging of parents and some students, the choir performed one of the religious songs anyway. When Rachel and her mother got up to leave – Rachel in tears – parents and students in the audience jeered and spat on them."[6]

Granting anonymity here will not prejudice either the Defendants or the judicial process: Indeed, this case has proceeded with the use of pseudonyms for nearly two years and no problems have been encountered as a result. The identities of the plaintiffs have been and will continue to be disclosed to the Defendants and the use of pseudonyms will not be allowed to interfere with their defense of this case in any way.

The expenditure of public funds is not an issue in this case. (See *M.M. v. Zavaras,* 139 F.3d 798 (10th Cir. 1998) where anonymity was denied to a prisoner seeking public funds for expenses related to an abortion). Nor is this a case involving protection from disclosure of criminal or disciplinary conduct or where economic loss or professional embarrassment is alleged. See *Doe v. United States Dept. of Justice,* 93 F.R.D. 483, 484 (D.C. Colo. 1982); *Free Market Compensation v. Commodity Exchange, Inc.,* 98 F.R.D. 311 (S.D.N.Y. 1983).

The Defendants consent to the entry of the Order requested herein. The Order will be transitory and remain in effect only so long as the Court believes it to be necessary and it does not

---

[6] *Id.,* at 11-12.

work an undue burden on the parties. If circumstances change, the Order can be amended or revoked forthwith upon motion of the Defendants or *sua sponte.*

## **CONCLUSION**

Wherefore, it is respectfully requested that the Court preserve the anonymity of the Plaintiffs by entering an order allowing the use of pseudonyms. A proposed Order is attached.

Respectfully submitted,

s/   Robert R. Tiernan
Robert R. Tiernan
3165 S. Waxberry Way
Denver, CO  80231
Telephone:  (303) 671-2490
FAX: (303) 743-7810
E-mail: jwells1960@netzero.com
Attorney for the Plaintiffs

## **CERTIFICATE OF SERVICE**

I hereby certify that on ____July 6, 2009____, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address:

rjbanta@bantahoyt.com

s/   Robert R. Tiernan
Robert R. Tiernan
Attorney for the Plaintiffs
3165 S. Waxberry Way
Denver, CO  80231
Telephone:  (303) 671-2490
FAX: (303) 743-7810
E-mail: jwells1960

6